UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLYDE MCNEIL,

      Plaintiff,                                       CASE NO.: 3:21-cv-686

v.

RACETRAC PETROLEUM, INC., a
foreign profit corporation d/b/a
RACETRAC #310,

      Defendant.
_____/

## NOTICE OF REMOVAL

      Defendant, RACETRAC PETROLEUM, INC., (hereinafter referred to as "RaceTrac"), by and through the undersigned counsel, hereby file this Notice of Removal, removing Case No. 16-2021-CA-002908 from the Fourth Judicial Circuit Court in and for Duval County, Florida, to this Court pursuant to 28 U.S.C. §§ 1441(b), and 1446(a).  The grounds for removal of this lawsuit are as follows:

## Preliminary Statement of Claims

      1.      On or about May 25, 2021, Plaintiff filed his Complaint for Damages (Complaint) against RaceTrac in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, styled: ***Clyde McNeil v. RaceTrac Petroleum, Inc.*, a foreign profit corporation d/b/a RaceTrac #310,** Case No. 16-2021-CA-002908.  Plaintiff alleges that he slipped and fell on February 26, 2020, while inside of the RaceTrac retail store located at 5109 University Boulevard West, in Jacksonville, Duval County, Florida.  He alleges RaceTrac negligently failed to maintain their premises in a reasonably safe condition.

2.      This action is a civil action in which this Court has original diversity jurisdiction under 28 U.S.C. 1332(a)(1) and is one which may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. 1441(b). Goodwin v. Reynolds, 757 F.3d 1216, 1220-21 (11th Cir. 2014).

3.      Plaintiff's Complaint asserts that he has incurred damages in excess of $30,000.00. Further, RaceTrac is in possession of other papers which demonstrate that the amount in controversy exceeds the jurisdictional threshold of $75,000.00.  Lastly, there is complete diversity of citizenship amongst the properly served parties.

## Venue

4.      In accordance with 28 U.S.C. 1441(a), venue lies in the United States District Court for the Middle District of Florida, Jacksonville Division, because the state court action was filed within this judicial district and division.

## Grounds for Removal

5.      The district courts of the United States have original jurisdiction over this action based on complete diversity between the parties, in that RaceTrac is now, and was at the time the action was commenced, diverse in citizenship from the Plaintiff.

6.      Plaintiff is a citizen of Florida.  The Court defines citizenship by "his or her domicile, or the place of his true, fixed and permanent home and principal establishment…to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).  Plaintiff's Complaint does not allege his citizenship. **See Exhibit A, Plaintiff's Complaint**.  However, RaceTrac is in possession of medical and billing records and other papers which demonstrate that Plaintiff's

residence is in Jacksonville, Duval County, Florida.[1]   Further, Plaintiff maintains a Florida Identification card, which required him to demonstrate his proof of residence, and a cell phone with a 904-area code, which indicates the Northeast Florida region.[2] [3]   The subject slip and fall occurred in Jacksonville, Florida, and all of Plaintiff's medical treatment to date has occurred in Northeast Florida.

7.       Similarly, Plaintiff's Complaint does not allege RaceTrac's citizenship.  However, the style of Plaintiff's Complaint acknowledges that RaceTrac is a foreign profit corporation. Indeed, RaceTrac Petroleum Inc., is a corporation incorporated in the State of Georgia with its principal place of business in Atlanta, Georgia.   **See Exhibit B, RaceTrac Corporate Information**.  For the purposes of determining whether diversity jurisdiction exists, a corporation is deemed a citizen of the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. 1332(c)(1). Although a company may conduct business in multiple places, the Supreme Court has determined that the "principal place of business" for a corporation is its nerve center: "the place where a corporation's officers direct, control and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 91-94 (2010).

8.       Therefore, based upon these true facts, there is complete diversity between Plaintiff and the properly joined and served Defendant, RaceTrac Petroleum, Inc.

9.       Plaintiff alleges that this cause of action for damages exceeds $30,000.00.  **Exhibit A, ¶ 1**.  Further, Plaintiff seeks damages for "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of

---

[1] Please note, RaceTrac has redacted Plaintiff's personal information, including his address, from medical and billing records attached in support of instant Notice of Removal.  However, RaceTrac can provide unredacted copies to the court in order to verify Plaintiff's Florida citizenship.
[2] https://www.flhsmv.gov/driver-licenses-id-cards/what-to-bring/u-s-citizen/
[3] RaceTrac can provide the Florida ID card number and cell phone number to verify Plaintiff's Florida citizenship at the court's request.

hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." Id. at ¶ 11.  He alleges these losses are "either permanent or continuing and Plaintiff will suffer the losses in the future." **Id.**

10.     Although Plaintiff did not explicitly state the amount in controversy in the form of a specific sum, his pleadings, and other papers in RaceTrac's possession, attached hereto, demonstrate that the amount in controversy exceeds $75,000.  See, e.g., Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010) (Defendants may submit summary-judgment-type evidence relevant to the amount in controversy, including affidavits, depositions, or other evidence to support removal).

11.     Because the Plaintiff did not plead a specific amount in damages, this Court may look to the instant Notice of Removal and other evidence relevant to the amount in controversy at the time the case was removed.  See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) ("Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.")

12.     On or about October 9, 2020, Plaintiff issued a settlement demand seeking $500,000.00 to resolve his claims.  Demand letters and settlement offers that provide specific and good faith assessments regarding a plaintiff's claim for damages may be considered in determining the amount in controversy. See, e.g., Mick v. De Vilbiss Air Power Co., 2010 WL 5140849, *1-2 (M.D. Fla. Dec. 14, 2010); Lutins v. State Farm Mut. Auto. Ins. Co., 2010 WL 6790537, *2 (M.D. Fla. Nov. 4, 2010).  See also, Devore v. Howmedica Osteonics Corp., 658 F.Supp.2d 1372, 1381 (M.D. Fla. 2009) (holding that a pre-suit demand letter may be used to "supplement" other evidence of the amount in controversy).

13.     Enclosed with Plaintiff's demand letter were medical and billing records providing documentary support of past medical bills Plaintiff alleges were incurred as a result of the alleged slip and fall. This information provides sufficient evidence for the Court to conclude that "the amount in controversy more likely than not exceeds the … jurisdictional requirement."   See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996) (noting defendant must meet the preponderance of the evidence standard); Moses v. Home Depot U.S.A., Inc., 2013 WL 11977917, at *3 (S.D. Fla. June 19, 2013) ("While a pre-suit demand letter alone may not be determinative of the amount in controversy when it 'reflect[s] puffing and posturing,' … [a demand letter] that provides specific information to support the plaintiff's claim for damages … [is] entitled to more weight."); Wilson v. Target Corp., 2010 WL 3632794, *4 (S.D. Fla. Sept. 14, 2010) (finding that a detailed pre-suit demand letter that delineated the extent of the alleged injuries, the physicians who had treated the plaintiff, and the medical care received from each of those physicians could be considered reliable evidence that damages would exceed $75,000.00); Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (holding that the amount in controversy was met where Plaintiff had made a pre-suit demand, based on medical reports, in the amount of $58,995.78 in current medical expenses and $39,800.00 in future medical expenses); La Rocca v. Stahlheber, 676 F. Supp. 2d 1347, 1349 (S.D. Fla. 2009) (holding that the amount in controversy was met based solely on information from medical reports included as part of a pre-suit demand package).

14.     Following the subject slip and fall on February 26, 2020, Plaintiff presented to Memorial Hospital Jacksonville for initial evaluation and care.  In April 2020, Plaintiff initiated chiropractic treatment at River City Medical Associates, Inc.  He also began treating with neurologist Allam Morales, M.D., of Absolute Injury and Pain Physicians.  On April 22, 2020,

Plaintiff underwent an MRI of the lumbar spine which revealed disc protrusions at the L4/5 and L5/S1 level as well as a disc bulge at the L2/3 level.  On June 8, 2020, Plaintiff presented to Integrity Spine and Orthopedics.  Dr. Michael Weiss opined that Plaintiff was suffering from spinal stenosis of the lumbar spine with neurogenic claudication.  Dr. Weiss recommended a lumbar laminectomy procedure of the L4/5.[4]

15.     Plaintiff has provided billing records amounting to approximately **$22,254.85**.  **See attached as Exhibit C, Compilation of Billing Records**.  Please note, these billing records are not final or complete and they do not encapsulate the expenses incurred by Plaintiff since October 2020.  Finally, Plaintiff did not provide billing records from Absolute Injury and Pain Physicians; however, we know he has treated with Dr. Morales on at least six different occasions.

| Medical Provider | Amount Billed |
| --- | --- |
| Memorial Hospital Jacksonville | $8,953.00 |
| MBB Radiology | $1,055.00 |
| Paragon Emergency Services, LLC | $957.00 |
| Best Pharmacy | $71.61 |
| River City Medical Associates, Inc. | $7,010.74 |
| Eagle One Medical, Inc. | $682.50 |
| Integrity Spine & Orthopedics | $1,100.00 |
| Shaya Medical, P.C. | $200.00 |
| Jacksonville Diagnostic Imaging | $2,225.00 |
| Absolute Injury & Pain Physicians | *Pending* |
| **TOTAL** | **$22,254.85** |

16.     Not only has Plaintiff provided billing records amounting to roughly $22,000.00 in expenses incurred, but he also submitted a surgery recommendation from Dr. Weiss and estimates for the procedure amounting to more than $73,000.00.  **See attached as Exhibit D, Compilation of Surgery Records**.  Plaintiff's Complaint also alleges he will be bringing a claim for lost wages and/or loss of earning capacity.  **Exhibit A, ¶ 11**.

---

[4] RaceTrac is not attaching the entirety of the medical records provided by Plaintiff during pre-suit but can do so at the Court's request.

17.     District courts are not required to "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." Pretka, 608 F.3d at 770.  In conducting this analysis, "courts may use their judicial experience…in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).

18.     Using judicial experience in adjudicating matters involving personal injury, this Court should find that Plaintiff's initial settlement demand for $500,000.00, in conjunction with his ongoing orthopedic and pain management treatment amounting to at least $22,000.00 as of October 2020, and the cost of his future surgery and subsequent rehabilitative care which amount to at least $73,000.00, support a commonsense conclusion that the damages claimed by the Plaintiff exceed the jurisdictional threshold for removal.

19.     Additionally, jury verdict and settlement research on personal injury cases wherein the plaintiff suffers from protruding and bulging discs in the lumbar spine that require surgical intervention routinely collect damages in excess of the jurisdictional threshold.  See, e.g., Moore v. Ardizzone et al., 2002 WL 2006081 (Fla. 19th Cir. 2002) (*Plaintiff awarded $350,895.41 for motor vehicle collision which required posterior L4-5 laminectomy surgery*); Faist v. Forsyth et al., 2002 WL 33227731 (Fla. 6th Cir. 2002) (*Plaintiff awarded $109,591 for motor vehicle collision which caused herniations and protrusions in lumbar spine*); Richardson v. Government Employees Ins. Co., 2003 WL 22956103 (Fla. 6th Cir. 2003) (*Plaintiff awarded $438,757.91 for motor vehicle collision which required lower lumbar laminectomy surgery*); Nihart v. Riggs, et al., 2003 WL 26094523 (Fla. 4th Cir. 2003) (*Plaintiff awarded $145,000 for protruding disc at L4-5 which required surgery*); Cleveland v. Seminole Co. Bd. of Cty. Commissioners, 2005 WL 3211188 (Fla. 18th Cir. 2005) (*Plaintiff awarded $233,213 for motor vehicle collision requiring*

*bilateral laminectomy at L4-5 and L5-S1 and partial medial facetectomies at the L5 and S1 nerve roots*); Greene v. Mendota Ins. Co., 2008 WL 8713493 (Fla. 4th Cir. 2008) (*Plaintiff awarded $199,898 for motor vehicle collision which caused protruding disc at L4-5 and post-traumatic stress disorder*); Neal v. Winslette, et al., 2014 WL 6264755 (Fla. 18th Cir. 2014) (*Plaintiff awarded $477,440 for motor vehicle collision causing disc bulges and protrusions in lumbar spine*).

20.      Finally, to the extent that Plaintiff does not move to remand or otherwise challenge that the amount in controversy does not exceed $75,000.00, this Court should consider that as further evidence that the amount in controversy exceeds the jurisdictional requirement. See, e.g., Devore v. Howmedica Osteonics Corp., 658 F. Supp. 2d 1372, 1380 n.13 (M.D. Fla. 2009) (holding that if the plaintiff were sincere in her contention that the amount in controversy was not met, she could have submitted affidavits admitting the claim was less than the jurisdictional amount) (citations omitted).

21.      Accordingly, because this civil action is wholly between citizens of different states, and because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, this Court has original jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a)(1).

**Timeliness of Removal**

22.      Defendant RaceTrac was served on June 22, 2021.  Therefore, RaceTrac files this Notice of Removal within thirty (30) days after receipt of the Complaint setting forth the claims for relief upon which the action is based, and the time for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(b) has not expired.

## **Proper Notice of Removal**

23.     By submitting and electronically signing this Notice, RaceTrac consents to the removal of this matter.  See 28 U.S.C. § 1446(b)(2)(A); Nathe v. Pottenberg, 931 F. Supp. 822, 825 (M.D. Fla. 1995).

24.     RaceTrac will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).  RaceTrac will promptly file a copy of this Notice of Removal with the Clerk of the Fourth Judicial Circuit Court in and for Duval County, Florida, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

25.     As required by 28 U.S.C. 1446(a), attached are copies of all process, pleadings, motions, orders, and other papers served upon Defendant and/or filed in the state court action, labeled as Composite **Exhibit E**, which includes:

(1)     State Court Docket Sheet

(2)     Cover Sheet

(3)     Summons Issued to RaceTrac Petroleum, Inc.

(4)     Complaint

(5)     Designation of Current Mailing and E-Mail Address

(6)     Plaintiff's Notice of Service of Initial Interrogatories to RaceTrac

(7)     Plaintiff's Initial Request for Admissions to RaceTrac

(8)     Plaintiff's Initial Request for Production to RaceTrac

(9)     Case Fees Receipt

(10)    Demand for Jury Trial

(11)    Notice of Appearance on behalf of RaceTrac

(12)    Summons Returned Indicating Service on RaceTrac Petroleum, Inc. on June 22, 2021

26.     RaceTrac reserves the right to amend and/or supplement this Notice of Removal with information and additional bases for removal that may come to light upon further investigation.

WHEREFORE, Defendant, RACETRAC PETROLEUM, INC., hereby remove the above-captioned civil action to this Court's jurisdiction.

**Dated: July 12, 2021.**

**DENNIS, JACKSON, MARTIN & FONTELA, P.A.**

SHYLIE A. BANNON (FBN: 67886)
shylie@djmf-law.com
KEVIN B. TAYLOR (FBN: 1015569)
kevin@djmf-law.com
1300 Riverplace Blvd., Suite 101
Jacksonville, Florida 32207
Phone: (904) 683-6686
Fax: (904) 619-1369
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been filed with this Court electronically and furnished by electronic mail to Juan Asconape, Esquire, at jasconape@schwedlawfirm.com, and eservice@schwedlawfirm.com, on this 12th day of July, 2021.

> **DENNIS, JACKSON, MARTIN
> & FONTELA, P.A.**
>
> _____
> SHYLIE A. BANNON (FBN: 67886)
> shylie@djmf-law.com
> KEVIN B. TAYLOR (FBN: 1015569)
> kevin@djmf-law.com
> 1300 Riverplace Blvd., Suite 101
> Jacksonville, Florida 32207
> Phone: (904) 683-6686
> Fax: (904) 619-1369
> _Attorneys for Defendants_